# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**SECURITIES & EXCHANGE COMMISSION,**

     **Plaintiff,**

**v.**                                                          **Case No. 1:26-cv-83-AW-HTC**

**JANUSZ ZUKOWSKI,**
*a.k.a.* **JOHN ZUKOWSKI,**

     **Defendant.**

_____/

## FINAL ORDER

The SEC concluded that Defendant Janusz Zukowski violated securities laws. ECF No. 1-3. It issued an order directing Zukowski to disgorge ill-gotten gains and pay a penalty, among other provisions. *Id.* at 7-8. The SEC has now applied for enforcement. ECF No. 1. The application was referred to the magistrate judge, who issued an order to show cause. ECF No. 4. That order required the SEC to file proof of service and provided Zukowski three weeks to respond. *Id.* at 2. Despite service, ECF No. 7, Zukowski never responded. The magistrate judge then issued a thorough report and recommendation, recommending the court grant the application and order enforcement of the SEC order. ECF No. 8. No objections were filed. After careful review, I now adopt the report and recommendation and incorporate it into this order.

The SEC proceeds under Section 20(c) of the Securities Act of 1933 and Section 21(e) of the Securities Exchange Act of 1934. *See* 15 U.S.C. § 77t(c); *id.*

1

§ 78u(e). Both provisions empower district courts to direct individuals to comply with SEC orders. 15 U.S.C. § 78u(e); *id.* § 77t(c). Both statutes also allow for summary proceedings. *SEC v. McCarthy*, 322 F.3d 650, 655-57, 659 (9th Cir. 2003); *see also Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 254 (3d Cir. 2020) (noting that the FAA, which, like the laws at issue here, authorizes initiation of proceedings by "application," does not require all procedures attendant to "ordinary civil actions"); *SEC v. Sprecher*, 594 F.2d 317, 320 (2d Cir. 1979) ("Section 22(b) of the Securities Act of 1933 . . . permits a federal court to order enforcement of a Commission subpoena 'upon application by the Commission.' We think this provision authorizes summary proceedings to enforce Commission subpoenas . . . .").

Due process required that Zukowski have notice and an opportunity to be heard. *See McCarthy*, 322 F.3d at 659. Zukowski had both. *See* ECF Nos. 4, 7. The SEC is entitled to enforcement of its order.

IT IS NOW ORDERED:

1. The Securities and Exchange Commission's Application (ECF No. 1) is GRANTED and the monetary portions of the SEC's June 13, 2024, Order (ECF No. 1-3) shall be enforced.

2. Zukowski is ordered to comply with the SEC Order by paying to the SEC the outstanding balance due pursuant to the SEC Order, plus accrued interest

2

pursuant to SEC Rule 600 and 31 U.S.C. § 3717, until the entry of Final Judgment, together with post-judgment interest pursuant to 28 U.S.C. § 1961 from the date of the entry of Final Judgment until the Commission is paid in full.

3.     Zukowski is ordered to make payment to the SEC in one of the following ways:

a.     Electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request made to Disgorgement-Penalty@sec.gov.

b.     Direct payment from a bank account via Pay.gov through the SEC website at https://www.sec.gov/paymentoptions; or

c.     Certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this court's Order. The check or money order may be hand-delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg., Room 181, AMZ-341
> 6500 South MacArthur Boulevard
> Oklahoma City, Oklahoma 73169

Payments must be accompanied by a cover letter identifying Zukowski as the Defendant in this action, and the name of this court and the docket number of this action: Case No. 1:26cv83-AW-HTC. A copy of the cover letter and payment confirmation must be sent to Maureen Peyton King, Securities and Exchange Commission, New York Regional Office, 100 Pearl Street, Room 20-100, New York, New York 10004.

4.    Zukowski is advised that by making such payment, Zukowski relinquishes all legal and equitable right, title, and interest in such funds, and no portion of such funds shall be returned to Zukowski.

5.    The SEC is directed to send funds received to the United States Treasury.

6.    The SEC is directed to provide Zukowski with a full satisfaction of any lien the SEC may have docketed upon receipt of full payment from Zukowski.

7.    The court will retain jurisdiction over this matter for purposes of enforcing the terms of its Order.

8.    The clerk will close the file.

SO ORDERED on July 29, 2026.

s/ *Allen Winsor*
Chief United States District Judge

4